**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CLIFTON JOHNSON,

    Petitioner,

v.                                    CASE NO. 8:14-CV-1139-T-30EAJ
                                      CRIM. CASE NO. 8:03-CR-184-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

BEFORE THE COURT are Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1), and memorandum of law in support of the Section 2255 motion (CV Dkt. 2). Petitioner challenges his enhanced sentence as a career offender on the ground that his prior state convictions for drug offenses under Fla. Stat., Section 893.13, and for resisting an officer with violence under Fla. Stat., Section 843.01, are neither "crimes of violence" nor "controlled substance offenses" as defined in

the United States Sentencing Guidelines,[1] and therefore were incorrectly counted as predicate offenses for his career offender status. After conducting the review required by Rule 4(b), Rules Governing Section 2255 Proceedings (2013),[2] it is apparent that the motion is due to be summarily denied because it plainly appears from the motion and record of prior proceedings that the motion is time-barred, and Petitioner's claims are procedurally defaulted. *Murphy v. United States*, 634 F.3d 1303, 1306 n.8 (11th Cir. 2011).

---

[1] § 4B1.1 of the Guidelines provides in pertinent part that:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

A "crime of violence" is defined in § 4B1.2(a) of the Guidelines as:

any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that–

   (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
   (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

A "controlled substance offense" is defined in § 4B1.2 of the Guidelines as:

an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

[2] Rule 4(b) provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

**PROCEDURAL BACKGROUND**

On June 22, 2004, Petitioner pleaded guilty, pursuant to a plea agreement, to Count One of the Superseding Indictment which charged Petitioner with conspiracy to possess with the intent to distribute 5 kilograms or more of cocaine, and to possess with the intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§846 & 841(b)(1)(A) (CR Dkts. 57, 402, 405).  On September 28, 2004, Petitioner was sentenced as a career offender to two hundred ten (210) months imprisonment to be followed by five years of supervised release (CR Dkts. 427, 429).

Petitioner did not file a direct appeal.  Petitioner filed his Section 2255 motion in May 2014 (CR Dkt. 675; CV Dkt. 1).

**DISCUSSION**

**I.     Timeliness**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, establishes a one-year limitation period for Section 2255 motions.  *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).  Specifically, Section 2255 provides that the one-year limitation shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). *See also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).

The Judgment in Petitioner's criminal case was entered on September 28, 2004 (CR Dkt. 429). Because Petitioner did not file a direct appeal, his judgment of conviction became "final" under § 2255(f)(1) ten business days later on October 12, 2004.[3] *See Adams v. United States*, 173 F.3d 1339, 1342 (11th Cir. 1999) (when defendant does not pursue direct appeal, conviction becomes final when time for filing a direct appeal expires); Fed. R. App. P. 4(b)(1)(A) (2004) (allowing a criminal defendant 10 business days after the entry of judgment to file a notice of appeal). Petitioner therefore had one year from that date, October 12, 2005, to file his Section 2255 motion. He did not file the Section 2255 motion until May 2014, more than eight years after the limitation period expired. Consequently, Petitioner's Section 2255 motion is untimely under Section 2255(f)(1).

Apparently recognizing the untimeliness of his Section 2255 motion under 2255(f)(1), Petitioner argues entitlement to a delayed start of the one-year limitation under Section 2255(f)(3) based upon a "new substantive rule" recognized by the Supreme Court in *Descamps v. United States*, 133 S. Ct. 2276 (2013) (see CV Dkt. 1 at docket p. 12).

---

[3]Monday, October 11, 2004, was a holiday. See www.timeanddate.com/calendar/?year=2004&country=1.

4

Petitioner, however, cannot avail himself of a delayed start under Section 2255(f)(3) because *Descamps* does not apply retroactively to cases on collateral review. *See United States v. Chapman*, 2014 U.S. Dist. LEXIS 65907, at *10 (D. Tex. May 14, 2014) ("While no circuit court has addressed the issue, the district courts that have done so consistently hold that *Descamps* does not apply retroactively to cases on collateral review.") (citations omitted); *Harr v. United States*, 2014 U.S. Dist. LEXIS 58692, at *8 (C.D. Ill. Apr. 28, 2014) ("*Descamps* did not announce a new rule, but rather reaffirmed existing Supreme Court precedent while rejecting the Ninth Circuit Court of Appeal's departure from established Supreme Court caselaw.").

Because Petitioner cannot avail himself of a delayed start to the one-year limitation under § 2255(f)(3), his Section 2255 motion is untimely, precluding federal review absent a demonstration of equitable tolling.[4] Petitioner, however, does not contend that he is entitled to equitable tolling. Consequently, the timeliness of Petitioner's Section 2255 motion is calculated from October 12, 2004, the date that his conviction became final. See 28 U.S.C. § 2255(f)(1). Petitioner's Section 2255 motion, filed in May 2014, is time-barred, precluding federal review.

---

[4]Equitable tolling requires both extraordinary circumstances and due diligence. *Diaz v. Sec'y, Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004). To establish eligibility for equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling "is an extraordinary remedy that must be applied sparingly." *Holland v. Florida*, 539 F.3d 1334, 1338 (11th Cir. 2008). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

## II.     Procedural Default

Even if the Section 2255 motion were timely, Petitioner's claims would still be procedurally defaulted because he failed to raise them on direct appeal. *United States v. Coley*, 336 Fed. Appx. 933 (11th Cir. 2009), *cert. denied*, 559 U.S. 1071 (2010):

> Coley has not argued that his sentence violates any constitutional right, but only that it violates the sentencing guidelines after *Begay* and *Archer*. *See Hunter [v. United States]*, 559 F.3d [1188,] 1189 [11th Cir. 2009] (observing that because a prisoner erroneously sentenced as an armed career criminal had failed to show the denial of a constitutional right, he could not attack his sentence in a § 2255 proceeding). Accordingly, if Coley's claim "could . . . have been raised on direct appeal," then it is not cognizable under § 2255. *See Lynn [v. United States]*, 365 F.3d [1225,] 1233 [11th Cir. 2004]
> . . . .
>
> Because his status as a career offender is a non-constitutional issue that Coley could have raised on direct appeal, it is not cognizable on collateral review under § 2255.

*Coley*'s reasoning is persuasive.[5] A federal criminal defendant who fails to preserve a claim by objecting at trial or raising it on direct appeal is procedurally barred from raising the claim in a Section 2255 motion, absent a showing of either cause and prejudice or actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Rivers v. United States*, 476 Fed. App'x 848, 849 (11th Cir. 2012).

Petitioner does not demonstrate cause and prejudice for the default. Although Petitioner contends that his arguments were foreclosed by circuit precedent at the time he

---

[5] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

was sentenced (see CV Dkt. 2 at docket pp. 3-4), the perceived futility of a claim does not establish cause to excuse the default. *See Hill v. United States*, 2014 U.S. App. LEXIS 6216, at *4 ("A claim is procedurally defaulted even if it was foreclosed explicitly by existing circuit precedent at the time of the defendant's direct appeal.") (citing *McCoy v. United States*, 266 F.3d 1245, 1258-59 (11th Cir. 2001)). Petitioner likewise cannot satisfy the actual innocence exception to the procedural bar because he argues only that he is legally innocent of a crime of violence and controlled substance offense (the state drug and resisting an officer with violence convictions), not that he is factually innocent of the drug crimes and resisting an officer with violence. *See id.* at *6; *Goodloe v. United States*, 448 Fed. Appx. 980, 2011 U.S. App. LEXIS 24739, 2011 WL 6156843 at *1 (11th Cir. Dec. 13, 2011) ("[T]he actual innocence exception requires factual innocence, not mere legal innocence, and enhanced sentencing is a matter of legal, not factual, innocence."). Accordingly, Petitioner's claims are procedurally defaulted because he failed to raise them on direct appeal.

Accordingly, it is **ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is **DENIED**.

2. The **Clerk** is directed to enter judgment against Petitioner and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. To merit a COA, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the Section 2255 motion is clearly time-barred, and Petitioner's claims are procedurally defaulted, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484. And, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on May 27, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copy furnished to:
*Pro Se* Petitioner
Counsel of Record